

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,345-01 & -02 & -03

### EX PARTE DARRYON M. THOMAS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. C-3-010636-1102916-A & C-3-010637-1103886-A & C-3-010638-1156022-A
### IN THE CRIMINAL DISTRICT COURT NUMBER THREE
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of five counts of aggravated robbery in trial court cause number 11560220, five counts of aggravated robbery in trial court cause number 11029160, and one count of aggravated robbery in trial court cause number 11038860. Applicant was sentenced to forty-five years' imprisonment in each case, to be served concurrently. Applicant's convictions were affirmed by the Second Court of Appeals in *Thomas v. State*, Nos. 02-09-00364-CR, 02-09-00365-CR, 02-09-00366-CR (Tex. App.—Fort Worth Oct. 14,

2010)(not designated for publication).

Applicant contends, among other things, that his pleas were involuntary because counsel would not allow Applicant to take a State offered 15-year plea deal, but instead advised Applicant to plead open to the judge. Applicant alleges he was coerced by counsel to plead open to the judge because counsel told him that he could get him less time if he went before this particular judge. The trial court sentenced Applicant to 45 years. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel and involuntary pleas. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his pleas were involuntary. The trial court shall make findings as to whether the performance of Applicant's attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  January 27, 2016
Do not publish